IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DANIEL PARKER, #R8324**                                                      **PLAINTIFF**

**v.**                                               **CAUSE NO. 1:16-cv-91-LG-RHW**

**HUBERT DAVIS, ET AL.**                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

This cause is before the Court, sua sponte, for consideration of dismissal. Plaintiff Daniel Parker, an inmate of the Mississippi Department of Corrections (MDOC), brings this pro se Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*. *See* Order [7]. The named Defendants are Hubert Davis, Warden at South Mississippi Correctional Institution (SMCI); Unknown Keys, K-9 Officer at SMCI; Unknown Burg, K-9 Officer at SMCI; and Unknown Ceasar, K-9 Officer at SMCI. The Court, having liberally construed Plaintiff's Complaint [1] and Response [11], in consideration with the applicable law, finds that this case should be dismissed.

**I.     Background**

On November 25, 2015, Plaintiff was found guilty of a prison rule violation report (RVR #01636401) for possession of a cell phone. Plaintiff states that his punishment for this disciplinary conviction was loss of privileges and assignment to the cell phone violator program. Resp. [11] at 2. Plaintiff's appeal of this RVR and resulting punishment was denied.

Plaintiff asserts various complaints regarding the RVR and disciplinary

process, which he claims violate MDOC policy and his constitutional rights. Specifically, Plaintiff complains that his cell was searched by the K-9 officers when he was not present, that all inmates on the zone have equal access to his housing unit, and another inmate "owned up to the cell phone by affidavit." Compl. [1] at 4. Plaintiff complains that despite these errors, he was found guilty of the RVR and his appeal of the disciplinary action was denied by Warden Davis. As relief, Plaintiff is seeking expungement of the disciplinary proceedings from his prison record and monetary damages. *Id.*

## II.  Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B). The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). Since the Court has permitted Plaintiff Parker to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of the State of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). Initially, the Court notes that discipline of inmates

by prison officials is "within the expected perimeters of the sentence imposed by a court of law." *Sandin v. Conner,* 515 U.S. 472, 485 (1995).

At best, Plaintiff is asserting that his constitutional right to due process was violated when he lost prison privileges and when he was denied relief in the prison grievance process. To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. In the prison context, a constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484.

Plaintiff's loss of prison privileges as punishment "are in fact merely changes in the conditions of his confinement and do not implicate due process concerns." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The Fifth Circuit has specifically addressed the loss or restriction of most prison privileges and determined that protection under the Due Process Clause is not available. *See Lewis v. Dretke*, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. 2002) (finding restrictions on commissary, telephone, recreation, and library privileges as well as attendance at religious services, resulting from allegedly false disciplinary charges does not implicate due process); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (holding inmate has no constitutional right to visitation privileges); *Bulger v. United States*, 65 F.3d 48, 50 (5th Cir.1995) (finding inmate's loss of prison job did not implicate a liberty interest even though the inmate lost the ability to automatically accrue good-time credits). Since Plaintiff does not have a

constitutionally protected right to certain privileges while in prison, his due process claim fails.

Likewise, random and irregular searches of a prisoner's cell when the prisoner is not present does not violate the Constitution. *Block v. Rutherford*, 468 U.S. 576, 589-91 (1984). Plaintiff did not suffer a constitutional violation when his prison cell was searched outside of his presence.

Furthermore, the Court finds that to the extent Plaintiff is claiming that MDOC policy and procedure was violated by the search of his cell and resulting disciplinary process, he is not entitled to relief under § 1983. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.") (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)).

In addition, the Court finds that Plaintiff does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005). Therefore, claims that appeals within the prison grievance system are "arbitrarily and capriciously denied" are not cognizable. *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (finding "a prisoner does not have a constitutional right to a grievance procedure at all"). Parker's claims related to how his grievance or appeal of this disciplinary action was handled by Warden Davis fails to rise to the level of a constitutional deprivation actionable under § 1983. *Id.*; *Morris v. Cross*, 476 F.

4

App'x 783, 785 (5th Cir. 2012) (finding inmate's claims regarding grievance process were properly dismissed as frivolous).

### III. Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, this civil action is dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii). This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915 (g).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's claims brought under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii). This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act.

**SO ORDERED AND ADJUDGED** this the 18th day of July, 2016.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge